Anthony O. Egbase, (SBN 181721)
**LAW OFFICES OF ANTHONY O. EGBASE & ASSOCIATES**
The World Trade Center
350 South Figueroa Street, Suite 189
Los Angeles, California 90071
Tel. (213)620-7070; Fax. (213)-620-1200

Attorney for Debtor,

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| Re: | Case No.: 2:10-BK-38053-AA |
| | Chapter 11 |
| CHUNYI AN. | DECLARATION OF CHUNYI AN IN SUPPORTS OF DEBTOR'S MOTION TO CONTINUE STAY AS TO CREDITORS EAST WEST BANK AND CREDITOR YUEN FAN TSE YEUNG |
| Debtor-in-possession | |

I, Chunyi An, declares as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. I am the Co-Debtor in the above referenced matter and offer this declaration in support of my

---

DECLARATION OF CHUNYIN AN IN SUPPORT OF MOTION TO REIMPOSE OR CONTINUE THE AUTOMATIC STAY

1

1. motion to continue the automatic stay as this case is my second filing within one year of the dismissal of my chapter 7 case.

3. I am the owner of the real property commonly known as 1522-1540 North Indiana Street, Los Angeles, CA 90063 ("Property")

4. The Property has-three large warehouses on and I have several tenants that pay me rent on a monthly business. I also occupy small portion of the Property where I operate a small retail store and recycling business.

5. I purchased the Property through a 1031 exchange in 2006 and paid approximately $3,070,000.00. I borrowed approximately $1,700,000 from NARA Bank ("NARA") which is secured by a first deed of trust and $700,000.00 from the prior owner Yuen Fan Tse Yeung ("Yeung") secured by a second deed of trust against the Property.

6. The monthly mortgage payment to NARA is approximately $9,400.00 and $4,750.00 per month to Yeung. When I purchased the Property I was collecting rents in the approximate amount of $16,900.00 per month, $4,700.00 of which was paid by Yeung who still occupied the Property at the time and operated the business O Plus, Inc.

7. Creditor Yeung's business had a 5 years lease, at the rate of $4,860 a month and the lease was suppose to expire in November, 2010. However, contrary to the lease agreement Yeung moved out after my first month of ownership in the Property and the monthly rents dropped to approximately $12,200.00 per month.

8. I continued to pay NARA and Yeung the mortgage payments as they became due from the rents I collected and if necessary made up any difference from my personal funds.

9. In January 2009 matters I suffered a set back as my largest tenant who was paying $6,500.00

**DECLARATION OF CHUNYIN AN IN SUPPORT OF MOTION TO REIMPOSE OR CONTINUE THE AUTOMATIC STAY**

2

1. stopped payment of rent and eventually vacated the Property.

10. Thus in January 2009 the rents generated by the Property were approximately $8,000 per month.

11. I continued to make the mortgage payments to NARA and Yeung, however, in July 2009, I ran out of savings and fell behind on the mortgage payments to Yeung and then to NARA Bank.

12. On or about December, 2009, following a judgment against me by Centro Eagle, I received a garnishment order against my bank account and the sum of $9,000 was frozen in my account.

13. I filed a chapter 7 bankruptcy on the advice of attorney Gene Choe who informed me this was the only way save my interest in the Property and cure the mortgage and other arrears.

14. I recently realized that my previous attorney Gene Choe's advise to file chapter 7 bankruptcy petition was wrong since Chapter 7 petition does not give me the means to achieve my bankruptcy petition objectives to cure the mortgage arrears and to reorganize and restructure my liabilities. Upon realizing the error I decided to hire Attorney Leonard Pena to convert my case to a Chapter 11, petition.

15. The motion filed by Mr. Pena to convert my case to a chapter 11 was heard on May 4, 2010 and denied. Based on the hearing, I believe that the motion was denied because I negligently failed to substantiate to the court that I can meet the requirements and guide lines to prosecute the Chapter 11, petition.

16. I hired a new Attorney Anthony Egbase and I believe he possesses the experience and knowledge to competently prosecute my Chapter 11 petition.

**DECLARATION OF CHUNYIN AN IN SUPPORT OF MOTION TO REIMPOSE OR CONTINUE THE AUTOMATIC STAY**

3

17. On 5 /24/ 2010 I filed a motion to reconsider the order denying my request to convert and in the alternative dismiss my chapter 7 and the court granted my request to dismiss on 7/610. See Exhibit 1.

18. In my present case I have tendered the documents required to substantiate United State Trust (UST) filing requirements. As of the time of filing this motion I have tendered a completed a 7-Day package with accompanying addendum financial documents to the United States Trustee (UST). Attached as Exhibit 2 is the 7 Day Package Cover sheet that has been tendered to UST establishing compliance with the UST filing requirement.

19. I have also prepared and filed new schedules with documents substantiating my financial affairs. The cash flow from the property has begun to improve as the recycling business and store that I opened in 1999, is now generating sufficient income and I have rented a part of the property.

20. On May 14, 2010, the court granted Nara Bank motion for motion for relief in my prior case. See Exhibit 3. That, in this case I seek, a continuation of the stay against Nara bank and Yeung. Recently on May 10, 2010, I paid $18,808.10 to clear up the arrears that I owe to the first lender NARA bank. A true and correct copy of my receipt for the payment is attached as Exhibit 4.

21. I have contracted with a buyer to purchase a sub partitioned part of the property in the amount of Seven Hundred and Seventy Thousand Dollars ($770,000.) See Exhibit 5. I intend to file a motion before this court for authority to sell some of debtor's assets.

22. If such motion is granted, I intend to use the sales proceeds towards the re-organization and restructure of my assets and liabilities.

**DECLARATION OF CHUNYIN AN IN SUPPORT OF MOTION TO REIMPOSE OR CONTINUE THE AUTOMATIC STAY**

4

23. The prior owner Yuen Fan Tse Yeung ("Yeung") instituted a judicial foreclosure proceeding and filed a notice of Default on December 19, 2009, and has instated a judicial foreclosure action against me in state court Case No. BC 425451.

24. I also want the automatic stay in this case continue against creditor Yueng.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed, on this 19th Day of July 2010, in Los Angeles, California

CHUNYI AN   Debtor
*Name of Declarant*                                    Signature of Declarant

DECLARATION OF CHUNYIN AN IN SUPPORT OF MOTION TO REIMPOSE OR CONTINUE THE AUTOMATIC STAY